# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SUSAN G. WILKINSON, *et al*.,

    Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al*.,

    Defendants.

Case No. 2:12-cv-00253-LDG (VCF)

**ORDER**

    The plaintiffs, Susan G. Wilkinson and The Wilkinson Family Trust (the Trust), brought this action in state court. Deutsche Bank National Trust Company removed this matter.  In their First Amended Complaint, the plaintiffs allege six causes of action. The first four causes of action allege, generally, wrongful foreclosure under various theories.  The fifth cause of action appears to be a claim for quiet title.  The remaining cause of action is for slander of title.  The plaintiffs have moved for a temporary restraining order (#6). Deutsche Bank moves to dismiss the complaint for failure to state a claim upon which relief can be granted (#9); the plaintiffs oppose the motion (#14).  Deutsche Bank also moves to expunge the lis pendens recorded by the plaintiffs (#12), and for a hearing on this motion (#22). The plaintiffs also oppose these motions.  Having considered the allegations of the

First Amended Complaint and the arguments of the parties, the Court will grant the motion to dismiss and the motion to expunge, and will deny plaintiffs' request for a temporary restraining order.

Motion to Dismiss

The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiffs' complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be

2

supported by factual allegations." *Id.,* at 1950.  Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

Analysis

In their complaint, the plaintiffs allege that Wilkinson and her husband signed a Deed of Trust and a promissory note in favor of IndyMac Bank, F.S.B.  That Deed of Trust, which plaintiffs attached to their complaint, identifies Mortgage Electronic Registration Systems, Inc. as the beneficiary of the security instrument "solely as nominee for Lender and Lender's successors and assigns."  Wilkinson and her husband subsequently quitclaimed the property to the Trust.

In 2008, the Federal Deposit Insurance Corporation closed IndyMac Bank and transferred its assets to IndyMac Federal Bank.  In 2009, the FDIC transferred all assets of IndyMac Federal Bank to OneWest Bank.  In July 2011, MERS, "AS NOMINEE FOR INDYMAC BANK," assigned the Deed of Trust and the promissory note to Deutsche Bank.

Initially, the Court would note that the complaint is unclear as to the standing of Wilkinson to bring any of the claims except in her capacity as a trustee of the Trust.  The first two numbered paragraphs of the First Amended Complaint allege that Wilkinson was the owner of the property, but that the Trust is the owner.  At most, the only relief sought by Wilkinson is a request for injunctive relief that she not be evicted from the residence.

3

Deutsche Bank argues that none of the first four causes of action can be maintained because (a) they sound as wrongful foreclosure claims, but (b) the plaintiffs have not alleged that they were not in default at the time of the foreclosure sale. "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 284, 304 (Nev. 1983).

In opposing this argument, the plaintiffs neither dispute that their first four claims sound in wrongful foreclosure nor that they were in default when the foreclosure sale occurred. Rather, the plaintiffs argue only that Nevada legislature abrogated *Collins'* common law requirement that it not be in default when it enacted AB 149, which amended NRS Chapter 107 to create the Foreclosure Mediation Program. The plaintiffs assert that the Nevada Supreme Court recognized, in both *Leyva v. Nat'l Default Servicing Corp*, 127 Nev. Adv. Op. 40, 255 P.3d 1275 (Nev. 2011) and *Pasillas v. HSBC Bank U.S.*, 127 Nev. Adv. Op. 39, 255 P.3d 1281 (Nev. 2011), that a borrower in default could obtain judicial review. The argument fails as both *Leyva* and *Pasillas* concerned the limited judicial review afforded within the context of the Foreclosure Mediation Program, rather than a common law claim for wrongful foreclosure. Accordingly, to the extent that the first four claims allege torts of wrongful foreclosure, but plaintiffs have failed to allege that they were not in default, dismissal is warranted.

The Court would further note that, as argued by the plaintiffs, fundamental to several of their wrongful foreclosure claims are their allegations that they did not receive notice of the default and election to sell. In reply, the defendant has proffered evidence that the notice of default and election to sell was posted on the front door of the residence.

In addition, the plaintiffs also argue that their second primary theory underpinning their claims is that Deutsche Bank has a defect in its chain of title because IndyMac Bank had no legal authority to transfer its assets to Deutsche Bank in July 2011, as IndyMac Bank was no longer in existence. As noted by Deutsche Bank, however, the Deed of Trust (which the plaintiffs attached to their complaint) states that MERS was acting "solely as a nominee for Lender [IndyMac Bank] and Lender's Successors and Assigns." The allegations of the complaint establish that OneWest Bank is a successor to IndyMac Bank. Accordingly, MERS had authority to act as nominee and execute an assignment of the note and Deed of Trust to Deutsche Bank in July 2011. Accordingly, for these additional reasons, dismissal of the plaintiffs' claims for wrongful foreclosure is appropriate.

Deutsche Bank also seeks dismissal of the plaintiffs' fifth claim, which appears to sound as an action for quiet title. In opposition, the plaintiffs conceded that dismissal of this claim is appropriate.

Finally, Deutsche Bank asserts that plaintiffs have failed to allege sufficient facts to support a claim for slander of title. Plaintiffs do not dispute that the elements of slander of title are (1) false and malicious communications, (2) disparaging to one's title in land, (3) causing special damage. *Higgins v. Higgins*, 103 Nev. 443, 445 (Nev. 1987). Deutsche Bank argues that a heightened pleading standard applies, which the plaintiffs dispute. However, as pointed out by Deutsche Bank, the complaint lacks any allegation of fact indicating what false communication was made by Deutsche Bank, or indicating how Deutsche Bank acted with malice. While the plaintiffs argue that a heightened pleading standard does not apply, they fail to proffer any argument that the allegations of their complaint comply with Rule 8 and the standard established in *Twombly* as it concerns their sixth cause of action. Rather, the plaintiffs request only that they be granted leave to further amend their complaint. The Court will dismiss the claim, but without prejudice so as to permit the plaintiffs to file a motion to amend that complies with the local rules.

5

1  For substantially the same reasons previously cited, the Court will grant Deutsche Bank's motion to expunge the lis pendens recorded by plaintiffs, and will deny the plaintiffs' motion for a temporary restraining order.

4  THEREFORE, for good cause shown,

5  THE COURT **ORDERS** that Defendant Deutsche Bank National Trust Company's Motion to Dismiss (#9) is GRANTED. The plaintiffs' complaint is DISMISSED; provided, however, that plaintiffs shall have leave to file a motion to amend within two weeks of the entry of this Order.

9  THE COURT **FURTHER ORDERS** that Plaintiffs' Motion for Temporary Restraining Order (#6) is DENIED.

11  THE COURT **FURTHER ORDERS** that Defendant Deutsche Bank National Trust Company's Motion to Expunge Lis Pendens (#12) is GRANTED.

13  THE COURT **FURTHER ORDERS** that Defendant Deutsche Bank National Trust Company's Motion for Hearing (#22) is DENIED as moot.

DATED this 17 day of September, 2012.

Lloyd D. George
United States District Judge

6