**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

*******

SUSAN G. WILKINSON, *et al.*,

Plaintiffs,

vs.

DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*,

Defendants.

2:12-cv-00253-LDG-VCF

**ORDER**

[Motion to Withdraw As Counsel (#42)]

This matter is before the court on the Motion to Withdraw As Counsel (#42) filed May 2, 2013.

**Background**

This action was removed to this Court on February 17, 2012, based on diversity, pursuant to 28 U.S.C. § 1332. (#1). On March 16, 2012, Defendant Deutche Bank National Trust Company filed a Motion to Dismiss. (#9). On August 15, 2012, Plaintiffs' counsel, Jeffrey A. Cogan, Esq. and the law firm of Jeffrey A. Cogan, Esq., Ltd., filed a Motion to Withdraw as Counsel for Plaintiffs Susan G. Wilkinson and The Wilkinson Family Trust dated April 15, 2005. (#25). On August 24, 2012, Plaintiffs' counsel withdrew his Motion to Withdraw (#25). (#27). On September 17, 2012, the Court granted Defendant's Motion to Dismiss (#9), providing Plaintiffs with two weeks to file a Motion to amend their Complaint. (#28). On October 1, 2012, Plaintiffs filed an amended Complaint. (#29). On December 11, 2012, Defendant filed a Motion for Summary Judgment on Plaintiffs' First Amended Complaint. (#34).

Plaintiffs' counsel filed the instant Motion to Withdraw as Counsel on May 2, 2013. (#42). The Motion represents that there has been a breakdown in communication between counsel and the Plaintiffs, and that Plaintiff Wilkinson has not been making monthly payments. *Id.* On May 22, 2013, the Court scheduled a Status Hearing for June 6, 2013. (#44). On June 6, 2013, the court held a Status Hearing wherein Plaintiffs' counsel reaffirmed his request to withdraw as counsel because he has remained unable to communicate with Plaintiff Wilkinson. (#45). Plaintiffs' counsel also conceded that he has been unable to verify that his client is aware of the present Motion (#42). *Id*.

**Discussion**

This action was removed to this Court on February 17, 2012 (#1), and no trial date has been entered for this matter. Local Rule IA 10-6 provides that "no withdrawal . . . shall be approved if delay of discovery, the trial or any hearing in the case would result." Defendants have not filed an opposition to the Motion to Withdraw As Counsel. Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

The Court recognizes that the burden placed upon Plaintiffs' counsel in light of his inability to communicate with his client warrants withdrawal from representation; however, the Court also recognizes that there is a Motion for Summary Judgment (#34) pending, and a Motion for Hearing (#41) on the Motion for Summary Judgment (#34) pending. Precisely because Plaintiffs' counsel has been unable to reach his client, granting the present Motion (#42) would leave Plaintiffs defenseless amidst an action that may go to trial. The Court thus conditions the granting of the present Motion (#42) upon Plaintiffs' counsel making a good faith effort to contact Plaintiff Wilkinson to inform her of his withdrawal and to establish lines of communication between her, Defendants' counsel, and the Court. The Court further requires Plaintiffs' counsel to file a report within two weeks from the entry of this

order detailing the method by which Plaintiffs' counsel attempted to contact his client, the nature of counsel's conversation with his client, if he successfully contacted her, and the most accurate currently-known contact information for his client.

In granting Plaintiffs' counsel's Motion to Withdraw (#42), additional consequences beyond the lack of counsel now affect Plaintiff The Wilkinson Family Trust. 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally." *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Although individuals may represent themselves pursuant to this statute, a corporation is not permitted to appear in Federal Court unless it is represented by counsel. *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). An individual also does not have the right to appear on behalf of anyone other than himself. *Pope*, 818 F.2d at 697. The Ninth Circuit has permitted motions to strike and motions to dismiss pleadings filed by *pro se* parties on behalf of entities including trusts. *Id*. at 698; *United States v. Nagy*, C11-5066BHS, 2011 WL 3502488 (W.D. Wash. Aug. 10, 2011). The Court thus advises Plaintiff The Wilkinson Family Trust that it may not proceed *pro se*, because trusts must be represented by counsel. *See Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664-65 (9th Cir.2008).

Accordingly, and for Good Cause Shown,

IT IS ORDERED:

1. The Motion to Withdraw As Counsel (#42) is GRANTED.

2. Plaintiff's counsel must make a good faith effort to contact his client.

3. Plaintiff's counsel must file a report with this Court by June 20, 2013, detailing his good faith effort to contact his client, and providing the most accurate currently-known contact information for his client.

4. The Wilkinson Family Trust dated April 15, 2005, will have until July 8th, 2013, in which to retain new counsel who must file a notice of appearance in accordance with the Local Rules of Practice.

5. Failure to comply with this order may result in a recommendation to the District Judge for sanctions, including case-dispositive sanctions.

6. The Clerk of Court will serve a copy of this Order on

Susan G. Wilkinson
1511 Rocking Horse Drive
Henderson, Nevada 89002

The Wilkinson Family Trust dated April 15, 2005
c/o Susan G. Wilkinson, Trustee
1511 Rocking Horse Drive
Henderson, Nevada 89002

DATED this 6th day of June, 2013.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE