# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SUSAN WILKINSON, *et al.*,

    Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*,

    Defendants.

Case No. 2:12-cv-00253-LDG (VCF)

**ORDER**

    The plaintiffs, Susan G. Wilkinson and The Wilkinson Family Trust (the Trust), brought this action in state court. Deutsche Bank National Trust Company removed this matter.  The Court granted defendants' motion to dismiss the plaintiffs' complaint, but granted the plaintiffs leave to amend.  The plaintiffs filed a First Amended Complaint seeking an order to avoid a Trustee's sale held November 14, 2011, due to alleged violations of NRS 107.080(3) and 107.086. Deutsche Bank now moves for summary judgment (#34), which motion the plaintiffs oppose (#37).

<u>Motion for Summary Judgment</u>

    In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there

are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Conversely, when the burden of proof at trial rests on

the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

In its moving papers, Deutsche Bank sets forth nine statements of fact with which the plaintiffs do not take any issue and which the Court will not repeat as the parties are familiar with them. Rather, in opposition, the plaintiffs assert only that Deutsche Bank has failed to establish that the required documents for the State of Nevada Foreclosure Mediation Program were served. The record establishes the contrary. Deutsche Bank has provided evidence, which plaintiffs have failed to place into dispute, that the required documents were posted and mailed to the property.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion for Summary Judgment as to the Plaintiffs' First Amended Complaint (#34) is GRANTED;

3

1  THE COURT FURTHER **ORDERS** that Defendants' Motion for Hearing on its
2  Motion for Summary Judgment (#41) is DENIED as moot.

4  DATED this ___ day of September, 2013.

_____
Lloyd D. George
United States District Judge

4